### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN KENT, | : | |
|        Plaintiff, | : | |
| | : | |
|     v. | : | Civ. No. 11-2690 |
| | : | |
| JAY SARVER, | : | |
|        Defendant. | : | |
| | : | |

### DECISION

After I dismissed Plaintiff's earlier *pro se* pleadings for want of subject matter jurisdiction *(Doc. Nos. 7, 28)*, Plaintiff filed a *pro se* Third Amended Complaint on January 20, 2012. *(Doc. No. 33.)* She has also filed a smatter of *pro se* Motions and other papers that are largely incomprehensible. *(Doc. Nos. 29, 30, 32, 35, 36.)* Defendant has filed a Motion to Strike one of Plaintiff's incomprehensible filings, and a Motion to Dismiss the Third Amended Complaint. *(Doc. Nos. 31, 34.)*

As in her previous pleadings, Plaintiff alleges in the Third Amended Complaint that she rented property from Defendant, who, she appears to claim, is liable for sexual assault, battery, breach of contract, injury to her horses, and slander. Plaintiff again appears to invoke 18 U.S.C. § 2244, the federal crime of Abusive Sexual Contact. She also makes scattered allegations respecting the conduct of several non-parties.

Although I directed Plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction," *(Doc. No. 28 at 5)*; Fed. R. Civ. P. 8(a), Plaintiff failed to do so. The Third Amended Complaint differs from Plaintiff's earlier filings only in the level of detail in which it

describes the alleged sexual assault; it includes no additional allegations of jurisdictional significance.  Once again, Plaintiff has not established federal subject matter jurisdiction.

As I have noted previously, the Parties are apparently both Pennsylvania residents, so federal jurisdiction cannot be based on diversity.  *(Doc. No. 23 at 1; Doc. No. 28 at 2; see Doc. No. 7 at 2.)*; see 28 U.S.C. § 1332.  In one of her supplemental filings, titled "Motion," Plaintiff indicated that she "attains a New Jersey drivers [sic] license and does live in that state intermittently."   Even if I were to consider this allegation as part of the Third Amended Complaint, however, it would not establish Plaintiff's residence outside of Pennsylvania for diversity purposes.  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation.'") (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

Even under a liberal construction of Plaintiff's *pro se* Third Amended Complaint, her claims do not "arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (*pro se* complaints to be construed liberally); Smith v. Spina, 477 F.2d 1140, 1144 (3d Cir. 1975) (assault and battery arise under state law); Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974) (contract claim arises under state law); Brooks-McCollum ex rel. Emerald Ridge Svc. Corp. v. Emerald Ridge Svc. Corp. Bd. of Dirs., 166 F. App'x 618, 619 (3d Cir. 2006) (slander is "quintessential" state law cause of action).  Plaintiff's possible reliance on the federal crime of Abusive Sexual Contact does not raise a federal question because this statute does not createa private cause of action.  18 U.S.C. § 2244; see Ramseur v. Beyer, 983 F.2d 1215, 1244 n.6 (3d Cir. 1992) ("Criminal statutes rarely confer private rights.").  Her Third Amended Complaint thus is not "fairly construed as raising a

federal question." <u>Bell v. Pleasantville Housing Authority</u>, 2011 WL 3796144 at *4 (3d Cir. Aug. 26, 2011).

Accordingly, I will dismiss Plaintiff's Third Amended Complaint for want of subject matter jurisdiction.  Because none of her four pleadings include any allegations suggesting that Plaintiff could conceivably establish subject matter jurisdiction, it is unlikely that I will allow a curative amendment.  *(Doc. Nos. 3, 16, 23, 33.)*  <u>See</u> <u>Alston</u>, 363 F.3d at 236 ("District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

AND NOW, on this 14th day of February, 2012, for the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Third Amended Complaint is **DISMISSED with prejudice**.  An appropriate Order follows.

/s/ Paul S. Diamond
_____

Paul S. Diamond, J.